IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **BRANDON TINGEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-07-28** |
| | § | |
| **CITY OF SUGAR LAND, TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM ORDER & OPINION

Pending before the Court is Defendant City of Sugar Land's amended motion to transfer venue (Dkt. No. 6). Having considered the motion, the supplement and the various responses thereto, the entire record, and the applicable law, the Court is of the opinion that the motion should be granted.

### I. Facts

This is an employment discrimination and retaliation case in which Plaintiff Brandon Tingey, a former Sugar Land firefighter, claims that he was improperly dismissed because he suffers from insulin-dependent diabetes. Plaintiff filed his complaint (Dkt. No. 1) on March 6, 2007, and Defendant filed the original version of this motion (Dkt. No. 4) on March 22, 2007, seeking an intra-district transfer from the Victoria Division to the Houston Division.

Neither party disputes that venue is proper in the Southern District of Texas, which includes the Victoria and Houston divisions. Defendant argues that (a) neither party has any connection to the Victoria Division, other than the fact that one of Plaintiff's lawyers lives in Victoria; (b) Plaintiff is a resident of and Defendant is located within the Houston Division; and (c) all of the relevant events, witnesses, and documents, occurred or are located within the Houston Division. Plaintiff essentially argues that (a) the Court should – absent overwhelming reasons in favor of transfer, which he claims are not present in this case – defer to his choice of division; (b) the Victoria Division is significantly

less crowded than the Houston Division; and (c) Defendant's motion should be denied as a matter of law because Defendant failed to support it with evidence.

## II. Analysis

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." The party moving for transfer under § 1404(a) has the burden of demonstrating that a change of venue is warranted. *Henderson v. AT&T Corp.*, 918 F.Supp. 1059, 1065 (S.D. Tex. 1996). The decision to transfer a case between divisions lies completely within the discretion of the Court. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)

When determining whether a case should be transferred to another division within the same district, the court should consider the following factors: "the availability and convenience of witnesses and parties; the location of counsel; the location of evidence; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the traditional deference accorded plaintiff's choice of forum." *Lowery v. University of Houston-Clear Lake*, 50 F.Supp.2d 648, 649 (S.D. Tex. 1999); *Hupp v. Siroflex of America, Inc.*, 848 F.Supp. 744, 749 (S.D. Tex. 1994). The court should also consider the public's interest in the "fair and efficient administration of the judicial system." *Houston Trial Reports, Inc. v. LRP Pbl'ns, Inc*., 85 F.Supp.2d 663, 668 (S.D. Tex. 1999).

**1. The availability and convenience of witnesses and parties.**

It is undisputed that both parties are located within the Houston Division. Moreover, all of the 29 potential witnesses listed by Defendant in its reply (Dkt No. 10) and all of the 32 persons likely to have discoverable information listed in Defendant's Initial Disclosures (Dkt. No. 11) appear to reside within the Houston Division. Defendant also notes in its supplement (Dkt. No. 13) that Plaintiff's

Initial Disclosures, although not filed with the Court or otherwise attached as an exhibit to any of the papers associated with Defendant's motion, identified 14 persons likely to have discoverable information – all of whom appear to reside within the Houston Division. Dkt. No. 13 at 1–2.

**2. Cost.**

There does not appear to be any suggestion that any evidence or likely witness is within the Victoria Division, which leads the Court to conclude that it would be more expensive both to the parties and witnesses – though perhaps not much more – to litigate this case in the Victoria Division.

**3. Location of evidence and place of alleged wrong.**

Plaintiff's complaint alleges that he was improperly fired from his job as a Sugar Land firefighter because he is diabetic. There has been no suggestion with respect to this factor that counsels in favor of denying the motion to transfer.

**4. Plaintiff's choice of forum.**

Plaintiff's choice of forum is given less deference when the plaintiff is a foreigner to the selected forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255–56 (1981). Plaintiff here appears to be a resident of the Houston Division and, therefore, his choice of Victoria is of minor significance.

**5. Delay or Prejudice.**

While Plaintiff is correct that the Houston Division is busy, he fails to take into account the fact that this Court also presides over one-fourth of the criminal docket in the Corpus Christi Division, or the recent reassignment to this Court of a significant number of civil cases from the Galveston Division. Under these circumstances, it is not likely that Plaintiff will get a speedier trial here than in the Houston Division.

**6. Location of Counsel.**

All of the attorneys that have appeared on behalf of the parties in this case to date are located

in Houston, except for Plaintiff's co-counsel, who is located in the Victoria Division and appears to be Plaintiff's only tie to his chosen forum. On balance, this factor leans in favor of transfer, given that keeping this case in Victoria would require travel from the Houston Division to Victoria by all of the other lawyers, all of the witnesses, and all of the parties, whereas, transferring this case would require travel to Houston from Victoria by a single lawyer.

**7. Fair and Efficient Administration of the Judicial System.**

Given the scant connection between the facts, evidence, lawyers, parties, or witnesses, and Plaintiff's choice of Victoria, the Court can only conclude that it would be more fair and efficient for a jury from the Houston Division to hear evidence in a case involving alleged discriminatory employment policies by a municipality in that division.

### III. Evidentiary objections

Plaintiff correctly points out that courts considering motions to transfer under § 1404(a) generally require evidence in some form, including affidavits, and generally eschew conclusory allegations. Moreover, the Court agrees, as a point of practice, that Defendant's motion would be better and stronger if Defendant had supported its allegations with affidavits and/or, at a minimum, submitted Plaintiff's disclosures for the Court's review. Here, however, Defendant's argument is not "conclusory." Rather, it is supported by three lists of potential witnesses – two of its own and one of Plaintiff's – all of which appear to indicate that this lawsuit has no connection with the Victoria Division other than Plaintiff's co-counsel. And even though the burden is clearly on Defendant as the moving party, the Court notes that Plaintiff has not asserted to the contrary or named a single witness who bears any relation to the Victoria Division. Under these circumstances, the Court is not inclined to deny the motion out of hand based on Defendant's mere failure to, for instance, attach a perfunctory affidavit by Defendant's counsel indicating that he has reviewed his own motion and attests that it is accurate.

## IV. Conclusion

Having considered the factors relevant to a ruling under § 1404(a), the Court is of the opinion that Defendant's motion to transfer venue from the Victoria Division to the Houston Division should be, and hereby is, **GRANTED**, and this case is hereby **TRANSFERRED** to the Houston Division of the Southern District of Texas for further proceedings.

It is so **ORDERED**.

Signed this 16th day of July, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE